UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DEMETRIUS McLAUGHLIN,

     Plaintiff,

v.                                                          CASE NO.  5:12-cv-375-Oc-23PRL

UNITED STATES OF AMERICA,
et al.,

     Defendants.

_____/

**ORDER**

On March 11, 2004, in *United States v. McLaughlin*, Middle District of Florida

Case No. 8:03-cr-226-T-17, a jury found Demetrius McLaughlin guilty of conspiracy

to manufacture fifty grams or more of methamphetamine and guilty of possessing or

knowingly distributing pseudoephedrine for use in the manufacture of

methamphetamine.  McLaughlin serves a life sentence.  (Doc. 233 in Case No.

03-cr-226)

In his second amended complaint (Doc. 19), McLaughlin alleges that he suffers

from syphilis; that the syphilis has caused pain in his left arm, chest, and shoulder;

that the defendants withheld treatment (Doc. 19, pg. 12); and that the defendants'

inadequate medical care violates McLaughlin's Eighth Amendment rights.

McLaughlin seeks (a) compensatory damages, (b) punitive damages, and (c) an injunction directing the administration of medical tests and medication.

The defendants move (Doc. 39) to dismiss or for summary judgment. McLaughlin responds.  (Doc. 51)

### **Discussion**

Personal Jurisdiction

Defendants Harrell Watts and Ray Holt claim a lack of personal jurisdiction and argue for dismissal.  Watts is the Inmate Appeals Administrator of the Bureau of Prisons (BOP) and maintains an office in Washington, D.C.  Holt is the former Regional Director for the Southeast Region of the BOP in Atlanta, Georgia.  "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999)); *Polskie Linie Oceaniczne v. Seasafe Transp. A/X*, 795 F.2d 968, 972 (11th Cir. 2002).

McLaughlin shows no tie to Florida that demonstrates personal jurisdiction over Watts or Holt.  "The mere fact that federal government officials enforce federal laws and policies . . . on a nationwide basis is not sufficient in and of itself to confer personal jurisdiction in a lawsuit which seeks money damages against those same

government officials in their individual capacities." *Wag-Aero, Inc. v. United States*, 837 F. Supp. 1479, 1485 (E.D. Wis. 1993), *aff'd* 35 F.3d 569 (7th Cir. 1994) (citing *Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980)).

## Insufficient Service of Process

Service was returned unexecuted as to defendants Joaquin Montolio, Mark Tidwell, Ulises Vargas, and Jason Terris.  These defendants are not properly before the court.  (Docs. 26, 27, 28, 29)  "Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990).  Accordingly, the court lacks in personam jurisdiction over these defendants for lack of proper service.  An order directing service is unwarranted, however, because other circumstances warrant dismissal.

## Official Capacity Claims

To the extent McLaughlin raises these claims against the defendants in their official capacity, the claims are against the United States and they are not cognizable.  Sovereign immunity protects the United States from suit absent waiver. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  The United States has not waived sovereign immunity from liability for an award of damages arising from an alleged violation of the Constitution. *FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994).

## Bivens claim

McLaughlin claims that the defendants violated his Eighth Amendment rights by failing to treat him for syphilis.  To warrant relief under the Eighth Amendment McLaughlin must show that the defendants acted with deliberate indifference to a serious medical need.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Farrow v. West*, 320 F.3d 1235 (11th Cir. 2003).  A plaintiff must show (1) that he had an "objectively serious medical need" *Farrow*, 320 F.3d at 1243 (citing *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001)), and (2) that the defendant acted with an attitude of "deliberate indifference" toward rendering treatment to the serious medical need.  *Farrow*, 320 F.3d at 1235 (quoting *Farmer v. Brennan*, 511 U.S. 825 (1994)).  Deliberate indifference is a state of mind more egregious and culpable than mere negligence.  *Estelle*, 429 U.S. at 104-06.  Conduct that results from accidental inadequacy, that arises from negligence in diagnosis or treatment, or that constitutes medical malpractice under state law does not constitute deliberate indifference. *Taylor*, 221 F.3d at 1258.  Medical treatment or the lack of medical treatment violates the Eighth or Fourteenth Amendment only when "'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Faison v. Rosado*, 129 Fed. App'x. 490, 491 (11th Cir. 2005) (unpublished) (quoting *Harris v. Thigpen*, 941 F.2d 1495, 1501 (11th Cir.1991)).

McLaughlin fails to show that any alleged lack of medical treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be

intolerable to fundamental fairness."  The defendants submit the declaration of

Dr. Olga Grajales, Clinical Director at FCC Coleman.  Dr. Grajales states that

McLaughlin was tested four separate times for syphilis, that each test result "was

negative for syphilis," and that McLaughlin "does not have a current or past

infection for syphilis."  (Doc. 39, Ex. 2, Declaration and Certification of Records by

Dr. Olga.)  Defendants Delalamon and Lee also examined and treated McLaughlin

for his complaints of pain in his left shoulder, arm, and chest.  (Doc. 39, Ex. 2, 4, 5).

Medical professionals have examined and treated McLaughlin for his medical

conditions, and McLaughlin provides no evidence to the contrary.

McLaughlin fails to demonstrate that the defendants violated his constitutional

rights and fails to demonstrate that the individual defendants are not entitled to

qualified immunity.  Qualified immunity attaches (1) if a defendant acted within the

scope of his discretionary authority when the allegedly wrongful acts occurred and

(2) if the plaintiff violated clearly established law based upon objective standards.

*See, e.g., Zeigler v. Jackson*, 716 F.2d 847, 849 (11th Cir. 1983).

No party questions that at the time pertinent to McLaughlin's claims, the

defendants were acting within the scope of their discretionary authority.

Consequently, McLaughlin must demonstrate that the defendants violated clearly

established law.

Absolute Immunity

Defendant Carver is a physician at FCC Coleman and an officer with the United States Public Health Service ("PHS").  (Doc. 39, Ex. 6).  Carver is entitled to absolute immunity because Section 233(a) of the Public Health Services Act "grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical functions within the scope of their employment by barring all actions against them for such conduct."

FTCA claim

The Federal Tort Claims Act provides a limited waiver of sovereign immunity for actions against the United States involving "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Tisdale v. United States*, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (quoting 28 U.S.C. § 1346(b)).  McLaughlin's FTCA claim must fail because McLaughlin provides no evidence that the defendants were negligent in providing treatment.  The tort claim is meritless.

Injunctive Relief

Entitlement to injunctive relief from a constitutional violation first requires McLaughlin to establish the fact of a violation.  A plaintiff must demonstrate (1) actual success on the merits of the claim; (2) irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever

- 6 -

damage the proposed injunction may cause the opposing party; and, in some instances, (4) that the injunction, if issued, would not adversely affect the public interest. *Siegel v. LePore*, 234 F.3d 1163, 1176, 1213 (11th Cir. 2000). Because McLaughlin fails to demonstrate a violation of a federal right, an injunction is unnecessary to "correct" that right. McLaughlin's request for injunctive relief is meritless.

### Conclusion

Accordingly, the defendants' motion to dismiss or for summary judgment (Doc. 39) is **GRANTED**. The action is **DISMISSED** as to defendants Harrell Watts, Ray Holt, Joaquin Montolio, Mark Tidwell, Ulises Vargas, and Jason Terris. Summary judgment is granted in favor of the United States of America, the Bureau of Prisons, FCC Coleman - USP I, Robert Carver, M. Delalmon, FNU Lee, and Tamyra Jarvis and against Demetrius McLaughlin. The Clerk is instructed (1) to enter judgment for each defendant and against the plaintiff, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on March 17, 2014.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE